

# MIDLAND MORTGAGE
A division of MidFirst Bank

March 23, 2022

JERRY VANORDEN
2284 GOLD KEY EST
MILFORD PA 18337-0000

## Read, sign and return.

Please return the enclosed documents to us by 4/24/2022.
Property Address:
105 WOODLAND ROAD
MILFORD, PA 18337-0000

Dear Homeowner:

Please find the enclosed Partial Claim documents for your review and signature. The U.S. Department of Housing and Urban Development ("HUD") Partial Claim consists of a Subordinate Note and a security instrument, which may be titled Subordinate Mortgage, Subordinate Security Deed or Subordinate Deed of Trust, between you and HUD. The HUD Partial Claim is an interest-free loan from HUD and is owed to HUD. The Partial Claim does not become due until the earlier of: (i) payoff or refinance of the existing FHA Insured Mortgage loan; (ii) sale of the property; or (iii) maturity of the existing FHA insured Mortgage loan.

The HUD Partial Claim includes the following items and amounts:

| Items Included In HUD Partial Claim | Amounts Included In HUD Partial Claim |
|---|---|
| Past Due Payments | +$15,743.60 |
| Foreclosure Attorney Fees and Costs Now Due | +$0.00 |
| Principal | +$0.00 |
| Escrow Shortage | +$228.96 |
| (Less) Suspense Funds | -$0.00 |
| Total Partial Claim | $15,972.56 |

Enclosed are two (2) copies of the HUD Partial Claim Subordinate Note and a security instrument for your review and signature. To complete the permanent agreement, all borrowers must sign the documents according to the instructions on the next page in front of a notary public and return both fully signed originals of the HUD Partial Claim documents at the address listed on the instructions. By signing the attached documents, you are acknowledging that you have read, understand, and agree to the terms of the HUD Partial Claim, including the terms outlined above. Upon receipt and our acceptance of the fully executed documents, we will waive all outstanding late charges due through the effective date of your plan.

MM Loan Number: 58146710

Exhibit A

JU

**The signed documents must be returned by 4/24/2022.**

Please be aware that failure to return all required documents may disqualify you from the program. In such a case, the collection and/ or foreclosure process may proceed without further notice to you. Please read the plan documents carefully, make sure you understand the modified terms, and contact us with any questions.

**As a reminder, the next payment on the existing FHA insured mortgage in the amount of $1,181.99 is due on or before 5/1/2022.**

If you have questions about this, please call us at 1-800-552-3000 Monday to Friday 8 a.m. to 7 p.m. or Saturday 9 a.m. to 1 p.m. Central time.

Sincerely,

Mortgage Assistance Center
Midland Mortgage - A Division of MidFirst Bank

**Notice:** If you have received a bankruptcy discharge of the debt secured by the Mortgage/Deed of Trust, or you are currently in bankruptcy under the protection of the automatic stay, this letter is not an attempt to collect the debt from you personally and is for informational purposes only. If your loan was in default at the time MidFirst Bank obtained it, and you have not filed bankruptcy or received a discharge of the debt secured by the Mortgage/Deed of Trust, we are required to advise you that this communication is from a debt collector, this is an attempt to collect a debt, and any information obtained will be used for that purpose.
**Notice to Connecticut and North Carolina Residents:** The purpose of this communication is to collect a debt.
**Notice to Vermont Residents:** This is an attempt to collect a debt and any information obtained will be used for that purpose.

MM Loan Number: 58146710

JV

 

# MIDLAND MORTGAGE
### A division of MidFirst Bank

# Read These Instructions Before Signing Your Plan Documents

## Helpful tips and reminders:

- ✓ Please follow these directions exactly or your mortgage assistance plan could be delayed!
- ✓ Two sets of the Partial Claim Agreement are enclosed.
  Both will be returned to Midland using the mailing information below.
- ✓ USE BLACK INK ONLY, or your plan documents may be delayed or rejected.
- ✓ Do not change the documents in any way. Please call 800-552-3000 with any questions about the documents or the details of your mortgage assistance plan.

## Instructions for document signers:

- ☐ Sign all copies of the Partial Claim Agreements in front of a notary.
- ☐ Sign names in black ink on all sets of documents exactly as they appear - don't forget middle initials, middle names, Jr./Sr., etc.
- ☐ Initial each page and sign both sets of documents in all places where names appear.

## Instructions for the notary:

- ☐ Use black ink for the notary stamp and signature.
- ☐ Complete the date of acknowledgement.
- ☐ List your notary expiration date.
- ☐ Include your notary stamp and/or seal on the acknowledgement pages.
- ☐ Ensure the notary seal is in a blank space and does not cover text or signatures.

| _By Overnight Courier (UPS, FedEx, Etc.)_ | _By US Mail_ |
|---|---|
| Midland Mortgage - A Division of MidFirst Bank | Midland Mortgage - A Division of MidFirst Bank |
| Attn: MAC | Attn: MAC |
| 999 N.W. Grand Boulevard, Suite 100 | P.O. Box 268806 |
| Oklahoma City, OK 73118 | Oklahoma City, OK 73126-8806 |

MM Loan Number: 58146710

When Recorded Mail to:
FIRST AMERICAN TITLE CO.
FAMS-DTO RECORDING
3 FIRST AMERICAN WAY
SANTA ANA, CA 92707-991

Document Prepared by:
John Boatman
Midland Mortgage - A Division of MidFirst Bank
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116
1-800-552-3000



FHA Case Number: 441-8398495729

## SUBORDINATE MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **March 23, 2022**. The mortgagors are **JERRY VANORDEN** whose address is **105 WOODLAND ROAD MILFORD, PA 18337-0000** ("Borrower"). This Security Instrument is given to the **Secretary of Housing and Urban Development** whose address is **451 Seventh Street, SW, Washington, DC 20410** ("Lender"). Borrower owes Lender the principal sum of **fifteen-thousand-nine-hundred-seventy-two dollars and fifty-six cents (US $15,972.56)**. This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **7/1/2038**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums advanced to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in **PIKE** County, Pennsylvania:

**See Exhibit "A" attached hereto and made a part hereof.**

Being the same property conveyed to JERRY VANORDEN by Deed recorded 06/24/2008 and recorded in Instrument Number: 200800007895 in Book 2281 on Page 1488 in PIKE County, Pennsylvania

**Tax ID # 030021358**

which has the address of: **105 WOODLAND ROAD MILFORD, PA 18337-0000**("Property Address");

Page 1 of the Subordinate Mortgage

Borrower Initial Lines

* Please add the appropriate number of initial lines for each signatory over 4

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal.**

    Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.**

    Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.**

    The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with

Page 2 of the Subordinate Mortgage

Borrower Initial Lines

*JV*  *JV*
*JV*  *JV*

\* Please add the appropriate number of initial lines for each signatory over
4

regard to the term of this Security Instrument or the note without that Borrower's consent.

4. **Notices.**

    Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Notice to any one Borrower shall serve as notice to all Borrowers unless state law expressly prohibits same. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attn: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates** by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5. **Governing Law; Severability.**

    This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end, the provisions of the Security Instrument and the Note are declared to be severable.

6. **Borrower's Copy.**

    Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

7. **Acceleration; Remedies.**

    Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default if not cured as specified, Lender at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses

Page 3 of the Subordinate Mortgage                              Borrower Initial Lines

\* Please add the appropriate number of initial lines for each signatory over 4

incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by applicable law.

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under the Paragraph 7 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 USC 3751 et seq) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to Lender under this paragraph or applicable law.**

8. **Release.**

    Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

9. **Waivers.**

    Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

10. **Reinstatement Period.**

    Borrower's time to reinstate shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

11. **Purchase Money Mortgage.**

    If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

12. **Interest Rate After Judgment.**

    Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it. IN WITNESS WHEREOF, Borrower has executed this Security Instrument.

BORROWER

_____
JERRY VANORDEN

## Acknowledgement

STATE OF Pennsylvania *Northampton* (DM) ) SS:
COUNTY OF ~~PIKE~~ *Northampton* )

On the _6th_ day of _April_, 20_22_, before me, the undersigned, a notary public in and for said state, personally appeared **JERRY VANORDEN**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

_Deanna Mirth_
Printed name of notary

County of Residence: _Northampton_
Commission Number: _1286762_
My Commission Expires: _11/06/2022_

```
Commonwealth of Pennsylvania - Notary Seal
Deanna Mirth, Notary Public
Northampton County
My commission expires November 6, 2022
Commission number 1286762
```
Member, Pennsylvania Association of Notaries

Page 5 of the Subordinate Mortgage

JV

Exhibit "A"

BEING LOT NO. 22, BLOCK NO. 11, SECTION NO. 4, GOLD KEY ESTATES, AS SHOWN ON PLAT OR MAP OF GOLD KEY ESTATES, SUBDIVISION RECORDED IN THE OFFICE OF THE RECORDER OF DEEDS IN AND FOR PIKE COUNTY, PENNSYLVANIA, IN BOOK 395, AT PAGE 217

Parcel # 030021358

Tax ID# 030021358

Page 6 of the Subordinate Mortgage

# SUBORDINATE NOTE

Date: March 23, 2022
Property Address: 105 WOODLAND ROAD
MILFORD, PA 18337-0000

## 1. Parties

"Borrower" means each person signing at the end of this Note, and the Person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

## 2. Borrower's Promise to Pay

In return for a loan received from Lender, Borrower promises to pay the principal sum of **fifteen-thousand-nine-hundred-seventy-two dollars and fifty-six cents** (US $15,972.56) to the order of the Lender.

## 3. Promise to Pay Secured

Borrower's promise to pay is secured by a mortgage, deed of trust, or similar security instrument that is dated the same date as this Note and called the "Security Instrument." This Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. Manner of Payment

A. Time -
On **7/1/2038** or, if earlier, when the first of the following events occurs:

  i. Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or
  ii. The maturity date of the primary Note has been accelerated, or
  iii. Borrower has transferred title to the Property by sale, or
  iv. The primary Note and related mortgage, deed of trust, or similar Security Instrument are no longer insured by the Secretary.

B. Place -
Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, c/o ISN Corporation - Western Operations Center Attention: Secretary-Held Loan Servicing 2000 N Classen Blvd Suite #3200 Oklahoma City, OK 73016 or any such other place as Lender may designate in writing by notice to Borrower.

C. Default -

If Borrower does not pay the amount due as set forth in this paragraph, Borrower will be in default. If Borrower is in default, the Lender may require immediate payment of the full amount due which has not been paid without any further notice.

Page 1 of the Subordinate Note

JV

D. No Waiver by Lender -
Even if, at a time when Borrower is in default, Lender does not require immediate payment in full, Lender will still have the right to do so if Borrower is in default at a later time.

E. Payment of Lender's Costs and Expenses -
If Lender has required Borrower to pay immediately in full, Lender will have the right to require Borrower to pay Lender for all costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Such expenses include but are not limited to, reasonable attorney fees.

## 5. Borrower's Right to Repay

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. Waivers

Borrower and any other person who has obligations under this Note waive the rights to presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of the amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. Obligations of Persons Under This Note

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower(s) accepts and agrees to the terms and covenants contained in this Note.

BORROWER

_____ (SEAL)  4/6/2022
JERRY VANORDEN                    DATE

Page 2 of the Subordinate Note



## MIDLAND MORTGAGE
A division of MidFirst Bank

**CERTIFICATION OF CONDITION**

Loan Number: 58146710

Property Address: 105 WOODLAND ROAD
MILFORD, PA 18337-0000

By signing this, I (we) certify that the property located at the address identified above, which is the subject of the loan referenced above, has no physical conditions that will adversely affect the continued use of the property or interfere with my (our) ability to maintain the monthly mortgage payments.

BORROWER

_____ (SEAL)   4/6/2022
JERRY VANORDEN                  DATE

Loan ID: 6710

JV



# MIDLAND MORTGAGE
### A division of MidFirst Bank

March 23, 2022

JERRY VANORDEN
105 WOODLAND ROAD
MILFORD, PA 18337-0000

### ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In connection with an agreement between Borrower and the Department of Housing and Urban Development ("HUD"), evidenced by a Subordinate Note and Subordinate Mortgage or Subordinate Deed of Trust ("Partial Claim"), Borrower agrees that if requested by HUD or HUD's authorized agent or representative, or the servicer of the Loan (collectively referred to as "Lender"), the Borrower will correct, or cooperate in the correction of any clerical errors made in any document or agreement entered into in connection with the Partial Claim and/or execute new or additional documents, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to secure its interest created by the Partial Claim in the real property securing the Loan or to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

The Borrower makes this agreement in order to assure the documents and agreements executed in connection with the Partial Claim will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender and to secure Lender's interest created by the Partial Claim in the real property securing the Loan.

BORROWER

_____ (SEAL)  4/6/2022
JERRY VANORDEN                          DATE

Loan ID: 6710

JV



**A division of MidFirst Bank**

**Certificate of Residence**

I, _____, do hereby certify that the correct address of the within-named mortgagee is **451 Seventh Street, SW, Washington, DC 20410.**

Witness my hand this _____ day of _____, 20___.

_____
Agent of Mortgagee

Loan ID: 6710

JV

# Mortgage Assistance Plan Evaluation Notice

| Mortgagor | JERRY VANORDEN | Loan | 58146710 |
|---|---|---|---|
| Co-Mortgagor | | | |
| Mailing Address | 2284 GOLD KEY EST MILFORD, PA 18337-0000 | Property Address | 105 WOODLAND ROAD MILFORD, PA 18337-0000 |

## Congratulations on your plan approval!

You've completed the mortgage assistance application process and are approved for the following plan. To accept the assistance plan offered, please follow the instructions included with your enclosed plan documents.

| Assistance Plan Type | Explanation |
|---|---|
| COVID-19 Recovery Standalone Partial Claim | You qualified for this mortgage assistance program. |

### Other plans for which you were evaluated

There were several other plans for which you did not qualify. Below is the list of mortgage assistance plans for which your application was evaluated, and the reason why you did not qualify for each plan. Each determination was based upon your individual circumstances and the investor and insurer guidelines that govern your loan.

| Assistance Plan Type | Explanation |
|---|---|
| COVID-19 ALM (Advance Loan Modification) | Payment reduction requirements not met. We are unable to offer you this plan because it would not result in a reduction of the Principal and Interest portion of your payment. |
| COVID-19 Recovery Modification (Arrears Only) | Payment reduction requirements not met. We are unable to offer you this plan because it would not result in a reduction of the Principal and Interest portion of your payment. |
| COVID-19 Recovery Modification (Full PC) | Investor/Insurer Hierarchy. You do not qualify for this assistance plan because you qualify for a plan that precedes it in the hierarchy established by your investor or insurer. |
| COVID-19 Recovery Modification | Investor/Insurer Hierarchy. You do not qualify for this assistance plan because you qualify for a plan that precedes it in the hierarchy established by your investor or insurer. |
| COVID-19 Recovery Non-Occupant Loan Mod | Investor/Insurer Hierarchy. You do not qualify for this assistance plan because you qualify for a plan that precedes it in the hierarchy established by your investor or insurer. |

### Appealing a plan decision

You have 14 days from the date of this letter to request an appeal of your mortgage assistance plan decision. To appeal your plan decision, please use the contact information provided below to mail, fax, or email an explanation of why you believe you may qualify for a different plan and the necessary documentation to support your appeal. Once your appeal is received, we will evaluate it and make a determination no later than 30 days from the date of your appeal, and the deadline to accept our offer will be extended until the appeal has been resolved. During the appeal process, any unpaid interest or other unpaid amounts will continue to accrue.

| Fax | Email | Mail |
|---|---|---|
| 1-405-767-5815 | mac@midfirst.com | Midland Mortgage - A Division of MidFirst Bank Attn: MAC P.O. Box 268806 Oklahoma City, OK 73126-8806 |

### Call us with questions

Call us at 1-800-552-3000 if you have any questions or would like to check the status of your account. We can assist you Monday to Friday 8 a.m. to 7 p.m. or Saturday 9 a.m. to 1 p.m. Central time.

**Escalations**

If you believe your application for mortgage assistance has been denied due to an improper analysis of your information or in violation of HUD Loss Mitigation policies, you may submit a request in writing using the following methods below:

You can contact us by fax 1-405-767-5815 or email mac@midfirst.com or by mail at Midland Mortgage, P.O. Box 268806, Oklahoma City, OK 73126-8806.

Notice: If you fail to comply with the terms included with your plan documents and do not make other arrangements, your loan will be enforced according to its original terms, which could include foreclosure. Additionally, your loan could be included in a Single Family Loan Sale Program administered by the Federal Housing Administration (FHA).

